ROBERT A. BEEMAN, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 44345.) — GABRIELLI, J. Appeal from a judgment in favor of the claimant, entered June 7, 1967 upon a decision of the Court of Claims. The claimant recovered for personal injuries and property damage to his vehicle found to have been caused by the State's negligent construction and maintenance of a detour. The State does not contest the amount of the award, but urges that the findings of negligence on its part and freedom from contributory negligence upon claimant's part are against the weight of the evidence. During the reconstruction of State Highway No. 46, traffic was diverted to a gravel shoulder-detour, 620 feet in length and adjacent to the pavement. Claimant entered upon the detour, proceeded thereon at about eight miles per hour and

when he had travelled some 510 feet, with his right wheels about two feet from the edge of the embankment, the tractor part of his vehicle started to settle and sink into the right shoulder of the detour, causing the tractor and the trailer to turn and go down the embankment. It appears that the detour was from 12 to 14 feet in width but that between the compacted area and edge of the embankment there existed loose gravel or a "windrow" formed by periodic grading of the travelled portion to keep it smooth. However, there were no guide or guardrails at the edge of the embankment. One of the State's witnesses testified that the distance between the edge of the packed wheel tracks of the detour and the edge of the embankment was but two to three feet and no one disputed that this portion was softer, and in fact the photographs taken immediately following the occurrence, demonstrated that the outer shoulder was softer than the tracks. The trial court's finding of negligence upon the part of the State was adequately supported by the record; similarly so was its finding of an absence of contributory negligence, particularly where there was no warning that the shoulder was soft, even if it were found that any reflectorized stakes were in place near the edge of the embankment before the accident for, at best, they would have indicated it was safe to travel at any point within the portion marked by such stakes, when in fact it was not because of the softness of the gravel. The issues of negligence and contributory negligence are peculiarly within the province of the trier of the facts and upon this record, we may not disturb its determination. Judgment affirmed, with costs. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.